293 So.2d 923 (1974)
Gwen Kidd BURKS, Plaintiff-Appellee,
v.
Bobbie Ray BURKS, Defendant-Appellant.
No. 12286.
Court of Appeal of Louisiana, Second Circuit.
April 23, 1974.
*924 Love, Rigby, Dehan & Love, by Samuel P. Love, Jr., Shreveport, for defendant-appellant.
Shuey, Smith & Carlton, by W. Gene Carlton, Shreveport, for plaintiff-appellee.
Before BOLIN, HALL and WILLIAMS, JJ.
BOLIN, Judge.
Plaintiff sued her husband for a separation from bed and board, custody of the minor children, issue of the marriage, and alimony pendente lite for herself and support of the two minor children. Additionally, Mrs. Burks petitioned for a rule nisi ordering the husband to show cause why plaintiff should not be awarded the care, custody and control of the children and why defendant should not be ordered to pay plaintiff $200 per month as alimony pendente lite and $650 per month as support for the children. Defendant answered, admitting the wife was entitled to custody of the children, but denying she was entitled to alimony.
Following a trial of the rule, judgment was rendered in favor of the plaintiff against defendant granting plaintiff the care and custody of 15-year-old Ellen Rose Burks and 17-year-old Robert James Burks, and further ordering defendant to pay plaintiff the sum of $175 per month for the support of Ellen Rose and $75 per month for the support of Robert James. The demands of plaintiff for alimony pendente lite for herself were disallowed. From this judgment only defendant appeals, alleging the amount awarded for support of the children was excessive. We affirm the judgment of the lower court.
Appellant has correctly set forth in his brief before this court that the only issue is whether or not the trial judge abused his discretion in ordering appellant to pay the sum of $250 per month for the support of the two minor children of the marriage.
The only witnesses testifying during the trial of the rule were plaintiff and defendant. The testimony of these witnesses, together with the exhibits filed in evidence, reflect the defendant was employed as a bus driver with a gross earning of $1038.72 per month and the plaintiff was employed with a gross earning of $480 per month. Robert James was attending high school and working at night earning $3.20 per hour. The mother testified Robert regularly gave her the sum of $60 per month to aid in paying family expenses.
Defendant testified he was willing to pay $75 per month for the support of each child, or a total of $150 per month. However, on appeal defendant contends he should not be ordered to pay anything for the support of Robert James since he is seventeen years old and earning $3.20 per hour while working at night. A resume of monthly expenses of both Robert and Ellen Rose, introduced in evidence, establishes that Robert's share of household and living expenses totaled $131.99 and those of Rose totaled $183.99. We conclude this 17-year-old boy should not be penalized for being energetic and working after school in order to aid his mother in supporting the family. When he reaches the age of eighteen he will no longer be a minor and the mother will not be entitled to sue for or to receive from the father alimony to assist her in supporting Robert. See Louisiana Civil Code Article 37; Bernhardt v. Bernhardt (La.1973) 283 So.2d 226; Jackson v. Jackson (La.App. 2d Cir. 1973) 275 So.2d 456.
Alimony for the support of the children should be based upon the ability of the father to pay as well as upon the needs of the persons receiving it. (La.C.C. Articles 230, 231). In fixing the amount consideration should be given to the income of the mother who, together with the father, is obligated by Civil Code Article 227 to support, maintain and educate their children.
*925 The trial judge should be given wide discretion in determining the amount of alimony. See Jackson v. Jackson, supra, and cases cited therein. Our review of the record convinces us there has been no abuse of discretion by the trial judge in this case.
The judgment is affirmed at appellant's cost.