308 So.2d 379 (1975)
Nedra Quida Webb MILLER
v.
Isaac T. MILLER.
No. 10125.
Court of Appeal of Louisiana, First Circuit.
February 10, 1975.
Rehearing Denied March 10, 1975.
Writ Granted June 6, 1975.
*380 Patsy Jo McDowell, Baton Rouge, for appellant.
Glenn Ducote, Baton Rouge, for appellee.
Before SARTAIN, ELLIS and de la HOUSSAYE, JJ.
ELLIS, Judge.
By judgment dated January 27, 1970, Mrs. Nedra Quida Webb Miller was granted a final divorce from her husband, Isaac T. Miller. Mrs. Miller was awarded custody of the three minor children born of the marriage, and Mr. Miller was ordered to pay $500.00 per month for the support of Mrs. Miller and the three children. The judgment does not specify what portion of the $500.00 is to be considered alimony to Mrs. Miller and what portion is allotted to child support. As of the time of trial herein, the original judgment had not been amended or modified.
In 1971, the eldest child married, and became emancipated as a result. He was 21 years old as of the time of trial on April 11, 1974. On February 3, 1972, Mrs. Miller remarried. Shortly after her remarriage, Mr. Miller ceased making any alimony or support payments.
This rule was brought on February 20, 1974, to have made executory all past due alimony payments. It was stipulated that, as of the time of trial, a total of $13,250.00 would have been due under the terms of the judgment.
After trial on the rule, judgment was rendered in favor of Mrs. Miller of $6,625.00, with legal interest on each installment from date due until paid, from which judgment Mrs. Miller has appealed.
In making his decision, the trial judge found that Mrs. Miller's right to alimony terminated on her remarriage, and that, since her oldest son was adult, she had no right to bring an action for past due support for him. Since the judgment did not differentiate between Mrs. Miller's alimony *381 and the child support, he prorated the $500.00 equally among the four original recipients, and awarded judgment for one half of the $13,250.00, for the two minor children still in the custody of Mrs. Miller.
Mrs. Miller contends in this court that the trial judge erred in not giving full effect to the judgment in her favor.
Two questions are presented. The first is whether Mrs. Miller is entitled to collect alimony for herself under the judgment despite her remarriage. The second is whether she can collect support for an adult child who would not have been legally entitled thereto in the absence of the judgment.
Article 232 of the Civil Code provides as follows:
"When the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part, the discharge from or reduction of the alimony may be sued for and granted."
Article 160 of the Civil Code provides:
"When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
"1. The wife obtains a divorce;
"2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
"3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
"This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries."
Prior to 1964 when the above article was last amended, the last paragraph thereof read as follows:
"This alimony shall be revocable in case it should become necessary, and in case the wife should contract a second marriage."
We think it clear that by the 1964 amendment the legislature intended to create an exception to the provisions of Article 232 and to terminate alimony under Article 160 upon the remarriage of the wife as a matter of law, without the necessity of any formal amendment of an outstanding judgment providing for same. In the recent case of McConnell v. Theriot, 295 So.2d 60 (La.App. 4 Cir. 1974), the Fourth Circuit Court of Appeal reached the same conclusion, and writs were refused by the Supreme Court, 296 So.2d 834 (La., 1974), saying, "There is no error of law in the judgment complained of."
With respect to the second question, we find that the trial judge erred. In the case of Pisciotto v. Crucia, 224 La. 862, 71 So. 2d 226 (1954), in ruling on a similar fact situation, the court said:
"The jurisprudence is well settled that a judgment for alimony, as to the amount that has become past due, is the property of him in whose favor it has been given, and is protected against alteration or annulment except by the method and for the causes prescribed by law ... that the right to receive such alimony in a lump sum is not waived by plaintiff's failure to make periodic demands on the defendant ... and that liability cannot be avoided by simply claiming that the alimony was not due, since a reduction of alimony or a discharge from the obligation to pay may be granted only from and after the time when it is sought, by suit or in answer to a suit to enforce payment. Article 232, LSA  Civil Code...."
*382 Since the judgment was rendered in favor of Mrs. Miller, it is her property and she has the right to enforce it, despite the fact that one of the children was emancipated by marriage prior to the time that Mr. Miller stopped making the payments. Further, under the specific provisions of Article 232 of the Civil Code, such a judgment remains in effect until modified by another judgment.
There being no evidence in the record to indicate which portion of the original judgment was intended as alimony to the wife and which portion as child support, we adopt, as did the trial judge, the method of equal proration thereof among the original recipients.
The judgment appealed from is therefore amended by increasing the amount thereof to $9,937.50, and, as amended, it is affirmed, at defendant's cost.
Amended and affirmed.