321 So.2d 318 (1975)
Nedra Quida Webb MILLER
v.
Isaac T. MILLER (Issac T. Miller).
No. 56163.
Supreme Court of Louisiana.
November 3, 1975.
*319 Glenn R. Ducote, Cavanaugh & Ducote, Baton Rouge, for defendant-applicant.
Patsy Jo McDowell, Law Offices of Patsy Jo McDowell, Baton Rouge, for plaintiff-respondent.
BOLIN, Justice.
Upon application of Isaac T. Miller, writs were granted by this Court to ascertain the correctness of a decision by the Court of Appeal, First Circuit, relating to summary proceedings by Mrs. Nedra Quida Webb Miller (Williams) against her former husband to make executory past due alimony payments to her and support payments to their minor children. 308 So.2d 379 (La.App. 1st Cir. 1975).
The primary question is: where a judgment orders a husband to pay a fixed sum as permanent alimony to his former wife and three minor children, with no proration to each recipient, may the former wife have the entire unpaid balance made executory when one of the children has become fully emancipated since the date of the original support judgment?
Defendant obtained a final divorce from his wife in 1970. The judgment awarded his wife custody of the three minor children, issue of the marriage, and the husband was ordered to pay $500.00 a month for the support of Mrs. Miller and the three minor children. The judgment did not prorate the amount to be paid as alimony to the wife and the portion to be allotted as child support.
In 1971, one of the children, being eighteen years of age, married and became fully emancipated. In February, 1972, Mrs. Miller remarried and shortly thereafter Isaac Miller ceased making any alimony payments to his former wife or to the children.
On February 20, 1974, Mrs. Miller caused a rule nisi to issue against Isaac Miller, seeking to make executory all past due alimony to her and the children. During these proceedings, it was stipulated the correct amount was $13,250.00 under the terms of the judgment, if the entire amount was in fact due. At the trial on the rule, judgment was rendered in favor of the former wife for one-half of the stipulated amount, or $6,625.00. The trial judge, having observed that no allocation among the recipients was made in the award decree, prorated the monthly award of $500.00 on an equal basis of $125.00 for each recipient. From this judgment the former wife appealed to the court of appeal, which affirmed that portion of the judgment terminating the award to the wife on the basis of remarriage, but reversed the judgment insofar as it terminated *320 the award of the major child in favor of the former wife. The judgment further provided for legal interest from the due date on each installment until paid.
Since the wife has not sought writs from the judgment of the court of appeal, we do not consider the correctness of the ruling which disallowed the past due amount to Mrs. Miller from the date of her remarriage. For the same reason we do not inquire into the validity of prorating the "in globo" award of $500.00 equally among the former wife and the three children.
In considering the question of whether a former wife may, on her behalf, cause a child support judgment rendered during the child's minority to be made executory after the child has reached majority, the following articles of the Louisiana Civil Code are apposite:
"Minors are those who have not attained the age of eighteen years." La.C.C. art. 37 [as amended in 1972 and 1974 so as to reduce the age from twenty-one to eighteen].
"A married minor below the age of eighteen years has the power of administration of his estate; but he cannot alienate, affect, or mortgage any of his immovable property without the authorization of the court, as provided in Article 373. The authority of the tutor or undertutor, or of the administrator of his estate, of such a minor continues for these purposes after the minor's marriage until the minor reaches the age of eighteen years." La.C.C. art. 382.
In interpreting the above articles, our courts have held that when a minor becomes emancipated either by having reached the age of majority, or by marrying after attaining the necessary age, the father no longer owes the obligation of supporting this child as a minor. In other words, one parent may not institute an action on behalf of a child after he has attained majority, in order to enforce a right of support from another parent. Most cases on this question have been originated by a mother bringing an action to increase child support when one of the children has reached the age of majority. In all of these cases, the courts have held that a parent may not institute suit on behalf of a child once this child reaches the age of majority. To the contrary, any such action must be instituted by the child himself, pursuant to La.C.C. art. 229. Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973). See also Jackson v. Jackson, 275 So.2d 456 (La.App. 2d Cir. 1973); Burks v. Burks, 293 So.2d 923 (La.App. 2d Cir. 1974); King v. Sanchez, 273 So.2d 45 (La.App. 4th Cir. 1973).
Therefore, it seems to be settled jurisprudence that a parent may not assert a right of support against another parent on behalf of a child after the child reaches the age of majority.
Accepting the law and the jurisprudence heretofore set forth, plaintiff contends that the total judgment of support was a property right belonging to her which had become executory under La. Code of Civil Procedure article 3945. She concedes that the husband could have brought suit when the child attained the age of majority to terminate that portion of the alimony due as support payments for that child. Her argument is that, since no such suit was brought, the enforcement of the judgment cannot now be attacked by the father. Indeed, the court of appeal adopted this argument in its holding:
"Since the judgment was rendered in favor of Mrs. Miller, it is her property and she has the right to enforce it, despite the fact that one of the children was emancipated by marriage prior to the time that Mr. Miller stopped making the payments. Further, under the specific provisions of Article 232 of the Civil Code, such a judgment remains in effect until modified by another judgment." 308 So.2d at 382.
*321 We conclude the argument of plaintiff and that part of the court of appeal holding quoted above is not well founded. The judgment of divorce orders the father to pay unto the mother "for the maintenance and support of the petitioner and the minor children * * *." Once the child reaches the age of majority, the father does not owe this child any support as a minor. If any support is owed, it is owed directly to the child as a major. No one but the child may enforce this right once he becomes of age. To adopt any other reasoning could lead to chaotic results under the guise of protecting a "vested property right" of the former wife.
It is appropriate to point out that one person may not acquire a "property right" over property or a right that belongs to another. In the instant case once the minor becomes a major he owns both the property and the right, i. e., any support due him and the right to sue for this support.
In summary, we extend the rule of Bernhardt v. Bernhardt, supra, so as to encompass the statement in Burks v. Burks, supra, that when a minor becomes fully emancipated by age or by marriage, his mother may no longer use for or receive alimony from the father for the support of this child.
Relator also questions the manner in which interest was awarded on each delinquent installment. The trial court and the court of appeal awarded interest from the due date of each installment until paid. Relator contends this ruling is contrary to Viser v. Viser, 243 La. 706, 146 So.2d 409 (1962).
In Viser this Court held that where the original judgment for alimony was silent regarding interest (as in the instant case) the Court could not add interest from due date to a judgment making the past due alimony executory. The Court based its holding upon the premise that a suit to make past due alimony executory is nothing more than a proceeding to judicially fix the amount due and executory under the original judgment, citing Williams v. Williams, 211 La. 939, 31 So.2d 170 (1947); Snow v. Snow, 188 La. 660, 177 So. 793 (1937); and Edwards v. Perrault, 170 La. 1011, 129 So. 619 (1930). From this premise the Court reasoned that it could not add interest to the original judgment since that judgment was silent as to interest, citing Liquidation of Canal Bank & Trust Co., 211 La. 803, 30 So.2d 841 (1947); Factors' & Traders' Ins. Co. v. New Harbor Prot. Co., 39 La.Ann. 583, 2 So. 407 (1887); and Succession of Anderson, 33 La.Ann. 581 (1881).
None of the cases cited in the last sentence of the preceding paragraph involve alimony or any other type of indebtedness becoming due periodically in the future. To the contrary, these cases involved debts due at the time of the original judgment. In the instant case, there was no debt due at the time of the original suit. Since the due date of each future alimony payment was fixed in the original judgment, we find interest was properly awarded on each such installment from its due date until paid under the clear language of La.C.C. art. 1938:
"All debts shall bear interest at the rate of seven per centum per annum from the time they become due, unless otherwise stipulated."
To the limited extent that Viser is contrary to this holding, it is overruled.
The judgment of the court of appeal is amended by reducing the amount awarded to $6,625.00. In all other respects the judgment is affirmed. Each party shall pay one-half of the costs in this Court.
Amended and, as amended, affirmed.
SANDERS, J., dissents being of the opinion that the judgment of the Court of Appeal is correct. See 308 So.2d 379.
MARCUS, J., concurs with reasons.
MARCUS, Justice (concurring).
I am of the opinion that Mrs. Miller is not entitled to receive payments from her *322 former husband for the support of a major child, but for reasons different from those of the majority.
The substantive right of child support, which Mr. Miller was obligated to pay in the judgment, arises under Civil Code article 227, which applies only to minor children. Tolley v. Karcher, 196 La. 685, 200 So. 4 (1941); 1 M. Planiol, Traite elementaire de droit civil, no. 1682, at 40-41 (La.State L.Inst. transl. 1959). After the age of majority, ascendants and descendants owe reciprocally only the alimentary obligation. La.Civil Code art. 229 (1870). This obligation, unlike the obligation of a parent to support his or her minor child, arises only when the claimant himself, i. e., in this case the major child, proves that he is in need (article 229) and, unlike the support due to a minor child, does not include expenses for education. Id. art. 230. The duty of child support that is owed by all parents to their minor children is extinguished at the age of majority and is substantively distinct from the alimentary obligation. Planiol, supra.