HOOD, Judge.
Louis V. Champagne (Defendant) filed pleadings against his former wife, Margaret Stafford Champagne, seeking to reduce the amount of child support payments which he previously had been ordered to pay. Mrs. Champagne (Plaintiff) then filed pleadings seeking to have past due child support payments due by defendant made exechtory, to have the amount of those payments increased, to obtain reasonable attorney’s fees, and to have defendant held in contempt for failure to make the delinquent payments. The rules which were issued by the trial court in response to both of those pleadings were consolidated for trial.
Judgment was rendered by the trial court in favor of plaintiff, Mrs. Champagne, (1) ordering defendant to continue to make child support payments of $200.00 per month, (2) condemning defendant to pay $900.00 as past due child support payments, (3) ordering defendant to pay $200.00 as attorney’s fees, (4) decreeing Champagne to be in contempt for failure to make the delinquent child support payments, and (5) ordering defendant to appear in court 45 days after October 12, 1976, to present evi *231 dence “that he is financially able to continue the monthly child support payments above mentioned, and in default thereof to be sentenced for contempt of this court.” Defendant Champagne appealed.
Several issues are presented. One of them is whether the trial judge erred or abused his discretion in failing to reduce the child support payments which defendant previously had been ordered to pay.
By judgment rendered on September 20, 1974, Champagne was ordered to pay $125.00 per month to plaintiff for the support of their two minor children, both of whom were in plaintiff’s custody. Thereafter, both parties agreed that the child support payments should be increased to $200.00 per month, and a consent decree was rendered on August 28, 1975, increasing the monthly payments to that amount. The judgment before us on this appeal, ordering defendant to continue to pay $200.00 per month as child support, was rendered on October 12,1976. At that time defendant was $900.00 in arrears in making the child support payments which had been ordered.
When this matter was tried, on October 7, 1976, Mrs. Champagne held two jobs. She was employed regularly by Exchange Bank of Natchitoches at a salary of $410.00 per month, plus a Christmas bonus amounting to about $605.00. And, for a period of about one month before the trial, she also worked four days a week from 6:00 or 7:00 P.M. until midnight at the Holiday Inn Lounge, for which work she was paid $1.25 an hour, plus tips. Her total income from both jobs amounted to about $7,911.00 per year. She explained that the salary she received from her bank job was not sufficient to enable her to support herself and her two children, and it was for that reason that she obtained additional employment. She also testified, however, that she had to use a substantial part of her earnings to pay for sitters for her children, that her long working hours were detrimental to the best interests of her children, and that her job at the lounge was jeopardizing her employment at the bank. She stated that she would discontinue her employment at the lounge immediately if defendant would resume paying her $200.00 per month as child support.
Defendant Champagne graduated from college in 1974 with a degree in biology and chemistry. He has been employed since that time as a life insurance salesman for Northwestern Mutual Life Insurance Company. His gross earnings during the year 1975 amounted to $4,211.00, and he stated that his earnings during the first nine months of 1976 amounted to only $1,700.36. He testified that he has no other income, that he has been unable to find more lucrative employment, and that he has remarried.
It is argued by defendant that a change in circumstances has occurred since August 28, 1975, when he was ordered to pay $200.00 per month as child support, that he is no longer able to pay that amount, and that the trial court erred or abused its discretion in ordering him to continue to pay that sum each month. Defendant also contends that the trial judge erred in failing to consider the income of plaintiff, the mother. He takes the position that plaintiff should be required to share the burden of supporting the children, and that for that additional reason he is entitled to a reduction in the amount of child support payments he previously was ordered to make.
The trial judge concluded that defendant is and has been able to make the child support payments ordered on August 28, 1975, but that instead of doing so he has been “hiding behind a so-called insurance salesmanship.” We cannot say that the trial judge erred in reaching that conclusion, and we thus agree with the trial court that defendant is able, or with reasonable diligence he should be able, to continue to pay plaintiff the sum of $200.00 per month as child support. We find no error in that part of the trial court’s judgment which orders defendant to continue to pay that amount to plaintiff for the support of their two children.
We agree with defendant that in fixing the amount of child support pay *232 ments which he should be ordered to pay, consideration should be given to the income of the mother, as well as that of the father, since both parents are obligated to support, maintain and educate their children. LSA-C.C. arts. 227 and 231; Burks v. Burks, 293 So.2d 923 (La.App. 2 Cir. 1974); LeBouef v. LeBouef, 325 So.2d 290 (La.App. 4 Cir. 1975).
In the instant suit, the present income of plaintiff, the mother, is greater than that of the father. Plaintiff derives that income from two jobs, however, one of which keeps her away from her home and children four evenings every week and jeopardizes her other employment. She wants to discontinue her employment at the Holiday Inn Lounge, that is, the job which keeps her away from home during evening hours, and we think she is justified in doing so. Her children need the attention of a mother, and the day-to-day services demanded of a mother contribute substantially to the mutual obligation of support. Ducote v. Ducote, 339 So.2d 835 (La.1976); Gravel v. Gravel, 331 So.2d 580 (La.App. 3 Cir. 1976).
We have considered the income which Mrs. Champagne will have after she discontinues her employment at the Holiday Inn Lounge, and the fact that she has the financial burden of caring for her two children and of paying for sitters for the children while she is at work. We also have decided that defendant’s earnings should be at least as much as they were in 1975, even if he should continue in his present employment, and we have considered those earnings. Under the circumstances presented here, we conclude that the trial judge did not err or abuse his discretion in ordering defendant to continue to pay $200.00 per month to plaintiff as child support.
The next issue presented is whether the trial court erred in decreeing defendant to be in contempt for his failure to make child support payments timely. Champagne contends that he tendered to plaintiff the sum of $300.00 to apply on his delinquencies, but that plaintiff refused to accept that payment. He argues that the delinquency in making the payments, therefore, “was not of his own making,” and that the court erred in holding him in contempt because of his failure to make them.
We find no merit to that argument. The evidence shows that defendant informed plaintiff by telephone that he would pay her $300.00 if she would “drop everything.” The amount offered was not sufficient to pay up all of the delinquencies, and at that time criminal neglect of family charges were pending against defendant. Plaintiff was unwilling to accept that payment on condition that she drop the charges, explaining that “I would have had to go through everything again.” We think plaintiff was justified in refusing the offer of compromise made by defendant, and we find no error in that part of the trial court’s judgment which holds defendant to be in contempt.
Champagne argues further that the trial judge erred in ordering him to appear before the court within 45 days to prove his financial ability to make the monthly child support payments. He concedes that the trial court has the power to hold the obligor in contempt for failure to make child support payments previously ordered by the court. He contends, however, that the court does not have the authority or power “to establish a ‘debtors’ prison’ for failure of an individual to obtain employment.”
There is no merit to defendant’s argument. In the first place, the defendant has not been sentenced to prison, and the judgment appealed from does not order his confinement. The above argument, therefore, considered in a light most favorable to defendant, must be considered as being premature. Secondly, defendant is presently employed, and he was employed continuously during the time he became delinquent in his payments. The court determined that his income from that employment was sufficient, or would have been sufficient if he had applied himself, to enable him to make the payments which were ordered. We have found that the evidence supports that determination. Under those circumstances, the trial court clearly acted within its au *233 thority and discretion in holding defendant to be in contempt for failing to make the payments which he had been ordered to make. The judge had authority to sentence defendant for the contempt at that time, perhaps to confinement. He did not do so, but instead he deferred the matter until a later date to inquire as to the defendant’s ability to make the current payments which were then becoming due each month. Defendant has not been prejudiced by the granting of that delay. On the contrary, it seems to us that the action of the court gives defendant an opportunity to avoid the imposition of any sentence at all, despite the fact that he had been found to be in contempt of court.
If we should accept defendant’s argument, we believe we would have to set aside that part of the judgment appealed from which orders the 45 day delay, and remand the case to the trial court with instructions that defendant be sentenced immediately for contempt. We do not believe that law or equity requires that we render such a judgment.
Defendant argues, finally, that the trial court erred in condemning him to pay plaintiff $200.00 as attorney’s fees.
The jurisprudence is conflicting, even between different panels on our own court, as to whether attorney’s fees should be awarded in actions for past due alimony and child support. See Gauthreaux v. Gauthreaux, 315 So.2d 402 (La.App. 3 Cir. 1975); Janise v. Janise, 328 So.2d 711 (La.App. 3 Cir. 1976); Baldwin v. Baldwin, 337 So.2d 245 (La.App. 3 Cir.1976); Wainwright v. Wainwright, 217 La. 563, 46 So.2d 902 (1950); Newson v. Newson, 176 La. 699, 146 So. 473 (1933); Stoltz v. Stoltz, 162 So.2d 103 (La.App. 4 Cir. 1964).
There is no statutory or contractual authority for the allowance of attorney’s fees in the instant suit.
Persuasive arguments have been made on equitable grounds supporting the view that attorney’s fees should be awarded, over and above the amounts otherwise due, when judgment is rendered in favor of the wife for past due alimony and child support, although such fees are not authorized by statute or by contract. The general rule, however, is that attorney’s fees are not allowed in the absence of a statute or contract providing for them. We concede that some exceptions to that general rule have been recognized in our jurisprudence, but we are reluctant to make another exception in a case of this kind, simply because we may believe that equity favors the mother or that the legislature ought to have provided for the allowance of attorney’s fees. Arguments, in many cases at least as forceful and persuasive as those presented here, can be made on equitable grounds that attorney’s fees should be allowed in damage suits, in workmen’s compensation claims, in real actions, in family matters or those affecting minors, or in many other types of actions, although not authorized by statute or contract. We believe that it is the prerogative of the legislature, and not of the courts, to determine the types of cases in which attorney’s fees may be allowed over and above the amount which may be owed on the principal demand.
With great respect, we disagree with the views expressed in the Gau-threaux, Newson and Baldwin cases, supra, with reference to the awarding of attorney’s fees. We prefer to follow the rule applied in Janise, Wainwright and Stoltz, supra. We thus conclude that the trial judge erred in awarding plaintiff $200.00 as attorney’s fees in this case, and that the judgment appealed from must be amended to delete that award.
In view of the conflicting jurisprudence, we assume that the Supreme Court will grant writs in the instant suit and thereafter will set out some guidelines for us to follow in determining whether attorney’s fees should be awarded in these cases.
For the reasons assigned, the judgment appealed from is amended to delete the award of $200.00 made to Mrs. Champagne as attorney’s fees. In all other respects the judgment of the district court is affirmed. *234 The costs of this appeal are assessed to defendant-appellant.
AMENDED AND AFFIRMED.