HALL, Judge.
The issue presented by this appeal is the correctness of a judgment awarding a di *954 vorced wife and mother $225 per month for the support of two minor children. The appellant divorced husband and father contends the trial court erred in awarding an excessive amount and in awarding child support for a married 16-year-old son. The appellee, who answered the appeal, contends the amount awarded is correct or should be slightly higher, even if child support is due for only one minor child. Appel-lee further contends a portion of the award should be designated as alimony.
The trial judge fixed the amount to be paid by appellant at $225 per month and made the award for the support of two minor children. The judge made it clear, however, in oral reasons for judgment, that he was designating the award entirely as child support for tax purposes, and the award would be the same even if divided between alimony and child support and even if support was due for only one minor child. The trial judge was convinced the needs of the wife and one minor child exceed $225, but that amount is the maximum the appellant can afford to pay.
Pendente lite support for five minor children was originally fixed at $325 per month. At the trial of the alimony and child support matter following a final divorce, it was established that two of the children had married and moved away from home. One son had become 18, is living with his mother, not going to school and not working. Another son, 16 years of age, had married but is living at home with his mother rather than with his wife, not going to school and not working. A 15-year-old son also lives at home, goes to school, and works part time.
The mother works at a nursing home earning $350 per month. She does some part-time work earning minimal additional income. Her total expenses in her present household situation exceed $900. Her expenses for herself and only one child exceed her earnings plus the amount awarded.
The father is regularly employed at a manufacturing plant and earned approximately $12,000 in 1976. His earnings may be reduced as much as 25 percent in 1977 due to a shorter work week at the plant. Although the wife’s needs are greater, the trial judge determined that $225 per month is all appellant is able to pay.
The evidence supports the amount of the award made by the trial judge, whose discretion was soundly exercised. However, the judgment must be modified in some respects.
The mother may not assert the right to support on behalf of the married 16-year-old son. A minor emancipated by marriage has the power of administration of his estate which includes the capacity or right to seek support from his parents. LSA-C.C. Arts. 380 and 382; LSA-C.C.P. Art. 682; Jefferson v. Jefferson, 246 La. 1, 163 So.2d 74 (1964); In Re Greer, 184 So.2d 104 (La.App. 4th Cir. 1966). The minor’s emancipation does not relieve the parent of the obligation to support the child; however, the child must assert the right in his own name. Miller v. Miller, 321 So.2d 318 (La.1975). Accordingly, the judgment must be modified to award support only for the 15-year-old minor son.
Considering the totality of the circumstances, the wife is in necessitous circumstances and is entitled to alimony for her own support. Accordingly, the award will be modified to provide for $100 per month alimony and $125 per month support for the child.
That part of the judgment of the district court dealing with child support is amended and recast as follows:
It is ordered, adjudged and decreed that there be judgment in favor of Hazel Rivers Contario and against Virgil A. Contario, ordering Virgil A. Contario to pay to Hazel Rivers Contario, the sum of $100 per month as alimony and the sum of $125 per month for the care and support of the minor child, Alton Delane Contario, said total amount of $225 being payable semi-monthly in installments of $112.50 each on the first and fifteenth day of each month, beginning February 1, 1977.
As amended and recast, the judgment is affirmed, at appellant’s costs.
*955 Amended and recast and as amended, affirmed.