REDMANN, Judge.
To a mother’s rule for an executory judgment for arrearages in child support the father (through a curator ad hoc) excepted that the mother had no right of action, on the basis that the child’s having reached majority conferred the right of action upon the child. The child herself then intervened, citing Miller v. Miller, La.1975, 321 So.2d 318, and was awarded judgment for the arrearages (up until the child’s majority), from which the father (through his curator) appeals. We reverse.
Miller did not involve arrearages from the time of a child’s minority. Miller’s child reached majority in 1971 and the father continued to pay child support into 1972. Miller says only that child support decrees automatically expire upon the child’s majority.
Arrearages in an award of child support to a mother belong to and are collectible by the mother. The child has already had the support, which the mother somehow provided whether by borrowing or by expending her own capital or however; and it is the mother to whom the father’s contribution to the support is due. (We are informed that the mother’s action was not tried with the daughter’s but is still pending. Thus no question arises of the father being estopped to deny the daughter’s right because of having ascribed the right to the daughter to defeat the mother.)
Reversed.