363 So.2d 945 (1978)
Dawn Miller SUIRE, Plaintiff & Appellee,
v.
Zeke MILLER, Defendant & Appellant.
No. 6625.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1978.
*947 Pucheu & Pucheu by Jacque B. Pucheu, Jr., Eunice, for defendant and appellant.
Cline, Miller, Richard & Miller by Jack Derrick Miller, Rayne, for plaintiff and appellee.
Before CULPEPPER, DOMENGEAUX and CUTRER, JJ.
CULPEPPER, Judge.
The plaintiff, 15-year old Dawn Miller Suire, filed suit to obtain support from her father, Zeke Miller. Although Dawn is married and lives with her spouse, her husband is totally disabled as the result of an automobile accident and is unable to support her. The trial court ordered the defendant to pay monthly child support to Dawn in the amount of $175. Defendant appealed.
Defendant presents two issues on appeal. (1) Is a 15-year old daughter, emancipated by marriage, entitled to support from her father? (2) If the father is obligated to support her, what is the extent and nature of this duty?
The trial judge assigned no written reasons for judgment. We do not know the legal basis for his award. Therefore, we must examine all of the possible child support statutes on which the trial judge could have based his decision.
Articles 224, 227 and 229 of our Civil Code provide three different types of support which are owed by parents to their children. Each of these articles was derived directly from a separate article in the French Code Napoleon of 1804, and each differs from the other as to the nature of the obligation and as to the basis from which the amount owed is determined.
The obligations imposed on the parents under LSA-C.C. Articles 224 and 227 to support, maintain and educate their children terminate when the minor reaches the age of majority. Tolley v. Karcher, 196 La. 685, 200 So. 4 (La.1941); Fellows v. Fellows, 267 So.2d 572 (La.App. 3rd Cir. 1972); Planiol, Traite Elementaire de Droit Civil (La. Law Ins. Trans.), Vol. 1, Sec. 1682, at page 40; Works of Louisiana Appellate Courts For 1972-3 Term: Persons, by Katherine Shaw Spaht, 34 La.Law Rev. 197 at 204 (1974).
However, the obligations under these two articles are different. Article 224 is derived from Article 385 of the Code Napoleon and deals with the obligation of the parent to support, maintain and educate the child in return for the parent's usufructuary right over the estate of the minor. LSA-C.C. Article 224 provides:
"The obligations resulting from this enjoyment (the right of usufruct over the minor's property granted by C.C. Article 223) shall be:
"1. The same obligations to which usufructuaries are subjected;
"2. To support, maintain and to educate their children according to their situation in life."
Article 227, on the other hand, defines the general obligation of the parent in his role as a parent. Its source is Article 203 of the Code Napoleon:
"Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children."
Planiol differentiates the obligations under Articles 224 and 227 on two bases. First, the obligation under Article 224, which derives from the parent's right to the usufruct, is special to the person who has the enjoyment of the property, whereas the general obligation under Article 227 is common to both parents. Secondly, the obligation under Article 224 is established in proportion to the child's revenue, whereas that of Article 227 is proportionate to the parent's resources. Planiol, Vol. 1, Section 1701, at footnote 16.
*948 Upon her marriage to Ricky Suire on January 21, 1977, Dawn was emancipated and lost her status as a minor. LSA-C.C. Article 379. The parent's right to a usufruct over the child's estate is terminated by emancipation. LSA-C.C. Article 223. Therefore, the parent's corresponding duty of support under Article 224 is likewise terminated. Dawn is not entitled to child support under Article 224.
As to Article 227, it is clear, under the jurisprudence cited above, that the general obligation of the parent to support his child under that article is terminated when the child reaches the age of majority. However, our jurisprudence is not so clear as to whether the obligation under Article 227 is also terminated where the child is a minor, emancipated by marriage. In Miller v. Miller, 321 So.2d 318 (La.1975) the court held that after a child reached the age of majority, the mother had no right of action on behalf of the child to enforce a child support judgment rendered during the child's minority, and that only the child could bring the action.[1] In dicta, and without discussion, the court in Miller stated:
". . . our courts have held that when a minor becomes emancipated either by having reached the age of majority, or by marrying after attaining the necessary age, the father no longer owes the obligation of supporting this child as a minor." (Emphasis supplied)
In Contario v. Contario, 350 So.2d 953 (La.App. 2d Cir. 1977) the court, citing Miller, held that a mother had no right of action to seek child support for her 16-year old son who was emancipated by marriage. The court stated:

"The minor's emancipation does not relieve the parent of the obligation to support the child; however, the child must assert the right in his own name. (Emphasis supplied)
Thus, the question of whether the parent's duty to support his child under Article 227 is terminated where the minor child is emancipated by marriage was not squarely at issue and was not discussed in either Miller or Contario.
We conclude on this res nova issue that the obligation of support under Article 227 does not apply to a minor child emancipated by marriage. Upon the marriage of a minor, the authority of the parent over the child ceases. The married child has the power of administration of his estate, limited only by the need for court authorization for the alienation or encumbrance of his immovable property. LSA-C.C. Article 382. Additionally, emancipation by marriage, unlike other types of emancipation, is irrevocable. LSA-C.C. Article 383. The child's new personal and financial freedom created by his marriage should relieve the parent from the obligation of support under Article 227. Planiol, Vol. 1, No. 1996, page 190, discusses the social and policy reasons behind the law on emancipation by marriage:
"According to modern social customs marriage is out of harmony with the status of subordination of a minor subject to the paternal power or to tutorship. If it be the husband who is a minor he needs his independence because he becomes the head of a family. If it be the wife, and this is the more frequent case, she has in her husband a guide and a protector. She needs no other."
The third type of support owed by a parent to a child is imposed by LSA-C.C. Article 229:
"Children are bound to maintain their father and mother and other ascendants, who are in need; and the relatives in the direct ascending line are likewise bound to maintain their needy descendants, this obligation being reciprocal."
This article is often referred to as the alimentary obligation. It is derived from Articles 205 and 207 of the Code Napoleon. Unlike the obligations under Articles 224 and 227, it is a reciprocal obligation and continues past the minority of the child. Additionally, it is limited to necessities food, clothing, shelterand it is only available *949 to the ascendant or descendant who is in need. It does not include education or the other special expenses of a minor's rearing, and thus it is a less onerous burden than that imposed under either Article 224 or 227. Tolley v. Karcher, supra; Planiol, Vol. 1, No. 1682, pgs. 40-41.
Dawn Suire Miller qualifies for an award of support from her father under the authority of Article 229. She is clearly in necessitous circumstances, for she has no means or income. While the jurisprudence may impose a burden on one seeking support under Article 229 to prove an inability to gain employment, Dubroc v. Dubroc, 284 So.2d 869 (La.App. 4th Cir. 1973), Dawn testified that she had sought employment at several places, but was told that no one under 18 years old was hired by them. Due to her age and her lack of education, she is almost unemployable at this time. Of course, if her condition changes so that she is no longer in necessitous circumstances, the order of support could be amended. LSA-C.C. Article 232, Mosley v. Mosley, 348 So.2d 225 (La.App. 3rd Cir. 1977).
Defendant contends he should be allowed to satisfy his obligation of support by taking the plaintiff into his own home, as provided by LSA-C.C. Article 229:
"If the person whose duty it is to furnish alimony, shall prove that he is unable to pay the same, the judge may, after examining into the case, order that such person shall receive in his house, and there support and maintain the person to whom he owes alimony."
The first answer to this contention is that defendant has not proved this inability to pay. Furthermore, the evidence shows that Dawn and her husband are presently living with her mother. Of course, the mother is also obligated under Article 229 to provide her child in necessitous circumstances with food, clothing and shelter. Dawn's mother subsists on a meager Social Security payment each month and is also disabled, but she can, at least partially, fulfill her duty to Dawn under Article 229 by providing shelter. The trial judge reasonably concluded that it was for the best interest of all parties concerned that Dawn remain in the home of her mother, which would satisfy Dawn's need for shelter. We find no manifest error in his refusal to order Dawn to live with her father.
Mr. Miller's final contention is that the award of $175 per month is excessive. Since the trial judge assigned no written reasons, we do not know how he fixed the amount of the award. As to Dawn's needs, the evidence shows that prior to her husband's disabling injuries they were living with her mother and paying her approximately $40 per month for shelter. The trial judge may have used this figure of $40 as that needed by Dawn for shelter. However, for the reasons stated above, we conclude that at the time of trial Dawn was not in need of shelter, because her mother was providing this necessity. Therefore, we conclude that Mr. Miller is relieved of any obligation to furnish shelter.
As to Dawn's needs for food and clothing, her affidavit listing her monthly expenses shows $100 for food and $25 for clothing. We find these amounts reasonable under the circumstances. Thus, we conclude that Dawn has proved she is in need of $125 per month for food and clothing.
Mr. Miller is able to pay $125 per month. He testified he has a net income of $1386 per month. He has remarried and lives with his new wife, but he has no other dependents. He has other financial obligations, but these do not relieve him of his obligation under Article 229 to support Dawn.
For the reasons assigned, the judgment appealed is amended to reduce the award from $175 to the sum of $125 per month. Otherwise, the judgment is affirmed. All costs of this appeal are assessed against the defendant-appellant.
AFFIRMED, AS AMENDED.
NOTES
[1] This holding was later overruled in Halcomb v. Halcomb, 352 So.2d 1013 (La.1977).