EDWARDS, Judge.
This is an adoption proceeding in which a stepfather seeks to adopt a minor child of his wife. The central issue presented on appeal is whether the legitimate father refused or failed to comply with a court order of support for a period of one year within the intent of La.R.S. 9:422.1, thereby making his consent to the adoption unnecessary. The Juvenile Court of the Parish of East Feliciana held that the consent of the legitimate father was unnecessary and granted an interlocutory decree of adoption.
The record shows that there were three children who were issue of the marriage between Betty Brunt Jarreau and Jessie James Jarreau. The children are Hilda Elizabeth Jarreau, Marie Gwendolyn Jar-reau and James Brunt Jarreau. James Brunt Jarreau is the child sought to be adopted. On June 23, 1971, Betty Brunt Jarreau was granted a divorce from Jessie James Jarreau and she was awarded the custody of the three children of the marriage. Jessie James Jarreau was ordered to pay $750.00 monthly to Betty Brunt Jar-reau for the maintenance of herself and the children.
The record reveals that Betty Brunt Jar-reau remarried in June of 1973 and that this marriage was annulled on December 10, 1974.
Betty Brunt Jarreau married Tycus Frederick Alsup on November 16, 1977. On November 23, 1977, Tycus and Betty Alsup filed a petition to adopt James Brunt Jar-reau alleging that the legitimate father’s consent was not necessary under the provisions of La.R.S. 9:422.1 because of his failure to comply with a.court order of support for the child for a period in excess of one year.
The legitimate father, Jessie James Jar-reau, has taken this appeal from the judgment granting the petitioners an interlocutory order of adoption and holding that the legitimate father’s consent to the adoption was unnecessary.
La.R.S. 9:422.1 provides:
“If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary if the first and second or the first and third conditions exist:
(1) The spouse of the petitioner or the grandparent or grandparents or the *1354 mother or the father have been granted custody of the child by a court of competent jurisdiction,' and
(2) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year, or
(3) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother or father or grandparent or grandparents.”
In the instant case, the petitioners must prove that the first and second conditions exist to obviate the need for the legitimate father’s consent.
We find from the record that the spouse of the petitioner, Betty Brunt Alsup, is the legitimate parent of the child and that the first condition has been proven: Custody of James Brunt Jarreau was given to then Betty Brunt Jarreau by a court of competent jurisdiction.
To prove the second condition required by La.R.S. 9:422.1, petitioner must prove the existence of a court order requiring appellant to provide an amount of support for the child and show that the appellant failed or refused to comply with the order for a period of one year.
Petitioners rely on the 1971 court order which provided that appellant pay a $750.00 monthly in globo sum for alimony and child support to satisfy this condition.
It is the appellant’s contention that his failure to make the support payments ordered in the divorce decree was based on just cause and that his consent is required for the adoption.
In this regard, it is well settled that adoption statutes are in derogation of the natural rights of the legitimate parent of the child and must be strictly construed in favor of the legitimate parent. Roy v. Speer, 249 La. 1034, 192 So.2d 554 (1966). Additionally, it is fundamental that the consent of both parents is required before an adoption can be decreed, except in those limited instances where parental consent has been specifically dispensed with by law. Adoption of Rapp, 348 So.2d 107 (La.App. 4th Cir. 1977). La.R.S. 9:422.1, which dispenses with the necessity of the consent of the legitimate parent, is a legislative attempt to define conduct whereby a parent forfeits his parental rights. In re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963). The requirements of the statute are tempered so that the failure to comply with the support order will not deprive the parent of the right to give his consent when the failure to support the child was based on just cause or reasons beyond the parent’s control. In re Ackenhausen, supra; In re Spraggins, 234 So.2d 462 (La.App. 1st Cir. 1970). The issue of justification depends on the facts peculiar to each case. Bailey v. Bailey, 335 So.2d 694 (La.App. 2nd Cir. 1976).
In the instant case, we are presented with an uncertain factual situation, with regard to the order of support relied upon by petitioners and in particular the amount due under this award, which, in our opinion, does not warrant the forfeiture of appellant’s parental rights.
The 1971 support award provided that appellant pay an in globo sum as alimony and child support for his wife and three children, respectively. No specific amount was allotted for alimony or for the support of each child.
With reference to the portion of the order for alimony, La.C.C. art. 160 provides “this alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries.” Accordingly, alimony terminated by operation of law upon Betty Brunt Jarreau’s remarriage in 1973. McConnell v. Theriot, 295 So.2d 60 (La.App. 4th Cir. 1974), writ denied, 296 So.2d 834 (La.1974).
After this time, the amount owed by appellant under the 1971 order, assuming that *1355 it remained valid,[1] was unclear, in view of the in globo nature of the award.
Additionally, there is some evidence in the record which indicates that legal custody of two of the children was changed to the appellant in 1976. This judgment would effectively terminate the support due under the 1971 award for these two children. Compare, Halcomb v. Halcomb, 352 So.2d 1013 (La.1977). So again, the amount due from appellant is made even further uncertain.
While we do not condone the appellant’s failure to provide any support whatever for the minor child in question since sometime in 1975, we do recognize the ambiguity concerning the amount which he was required to pay under the order. In a situation like the present, we believe that the uncertainty of the amount owed is a sufficient cause to justify the appellant’s failure to comply with the order of support and prevent the operation of the penalty provided in La.R.S. 9:422.1.
Therefore, the appellant’s consent would be necessary for the adoption.
For the above reasons, the judgment of the Juvenile Court of the Parish of East Feliciana is reversed at petitioners-appel-lees’ costs.
REVERSED.
CHIASSON, J., concurs for reasons to be assigned.

. If the 1971 order was invalid, then it could not be used as a basis under La.R.S. 9:422.1 to render appellant’s consent to the adoption unnecessary. However, under the facts of this case and our reasoning infra, we need not and do not reach the question of the continuing validity of an in globo award for all purposes after the termination of a portion thereof. But see Miller v. Miller, 308 So.2d 379 (La.App. 1st Cir. 1975), amended on other grounds, 321 So.2d 318 (La.1975). McConnell v. Theriot, 295 So.2d 60 (La.App. 4th Cir. 1974), writ denied, 296 So.2d 834 (La.1974).