STOKER, Judge.
This case presents the question of whether a major daughter, Jewel Paulette Joli-vette, is entitled to alimentary support from her father, Paul Dallas Jolivette. Jewel was born of the marriage of Paul Dallas Jolivette and Priscilla Pitre Jolivette, who were judicially separated on April 5, 1976. On June 15,1979, Paul Dallas Jolivette petitioned for a divorce and Jewel intervened in the case.[1]
As intervenor, Jewel Jolivette alleges that she “has now reached the age of majority, but is still in need of support from plaintiff due to the fact that intervenor is still attending school in order to further her education.”[2]
Following trial the trial court awarded Jewel P. Jolivette support of $25.00 per month from Paul Dallas Jolivette. In a minute entry the court indicated it was “satisfied with the intervenor’s showing of need for this support” and accordingly granted judgment in favor of the interve-nor.
The only evidence offered at trial to establish Jewel Jolivette’s claim for alimentary support was an affidavit purporting to set forth a detailed income and expense list for the intervenor. The affidavit lists $193.00 per month as living expenses for intervenor. This total includes $83.00 per month for college tuition. No income is indicated.
We do not believe the evidence supports the court’s finding that Jewel P. Jolivette showed a need for support from her father Paul Dallas Jolivette. We conclude that the trial judge was clearly wrong in awarding the intervenor $25.00 per month in support.
Irrespective of any equities which might exist in this case, we are compelled to reverse the trial court with respect to its ruling on the intervention. The intervenor has failed in her burden of proof to establish that she is entitled to alimentary support. Under the circumstances her father owes no duty to support her. Demarie v. Demarie, 295 So.2d 229 (La.App. 3rd Cir. 1974) and Phillips v. Phillips, 339 So.2d 1299 (La.App. 1st Cir. 1976). Cf. Suire v. Miller, 363 So.2d 945 (La.App. 3rd Cir. 1978).
For the foregoing reasons assigned, so much of the judgment of the trial court in *736 this matter dated November 28,1979, which orders Paul Dallas Jolivette to pay the in-tervenor, Jewel P. Jolivette, support in the amount of $25.00 per month beginning from the date of judicial demand and continuing for the duration of intervenor’s need is reversed. That portion of the costs of this matter in the trial court attributable to the intervention and the costs of this appeal shall be assessed to the intervenor-appellee, Jewel P. Jolivette.
REVERSED.

. The transcript of the record forwarded from the trial court lists proceedings beginning with the petition for separation from bed and board filed by Priscilla Pitre Jolivette against Dallas Jolivette under docket number 63138E of the Fifteenth Judicial District Court for the Parish of Lafayette, Louisiana. The petition for separation from bed and board is captioned “Priscilla Pitre Jolivette versus Dallas Jolivette”. The petition for divorce brought by Paul Dallas Joli-vette is brought in the same suit but the caption was changed to read “Paul Dallas Jolivette versus Priscilla Pitre Jolivette.”

. This claim for alimony is based upon LSA-C.C. art. 229.