| iNORRIS, Judge.
The mother, DG, gave birth to an illegitimate child, CTG, in April 1993. The mother executed an assignment of rights to child support on December 22,1998. A week later the State Department of Social Services filed this suit, pursuant to La.R.S. 46:236.1 F, to determine or declare paternity and establish support. The petition alleged that the defendant, Cornelius Ball, had intimate relations with the mother from January through September 1992, when CTG was conceived. Mr. Ball was personally served with citation but did not answer. The State took a preliminary default on March 9, 1994.
At the hearing to confirm the default, the mother reiterated the facts alleged in petition. She also testified, however, that she was receiving absolutely no government assistance at all. The district court questioned, sua sponte, how the State could have a cause or right of action. La.C.C.P. art. 927.
By written opinion the district court dismissed the suit. Citing Thomas v. State, 545 So.2d 632 (La.App. 4th Cir.), writ denied 551 So.2d 639 (1989), it ruled the State had no right of action, or interest in enforcing the right asserted against the exceptor. The State took the instant devolutive appeal. For the reasons expressed, we reverse and remand for further proceedings.
The district court based its ruling on an analysis of a portion of the applicable statute, R.S. 46:236.1 B. In broad terms, this statute authorizes the Department of Social Services to implement a program of family support for cases of AFDC, Title IV-E Foster Care, Medicaid, or any other federal program that requires the state to provide services for recipients. These services include (1) the enforcement, collection and distribution of support obligations if such obligations have been established, (2) location of absent parents, (3) establishment of paternity, (4) obtaining and modifying family and child support orders, hand (5) obtaining and modifying medical support orders. The statute further provides, in subsection 236.1 B(2):
In addition, as required by federal law, the department shall provide the above services to any individual not otherwise eligible for such services as provided for in R.S. 46:236.1 B(l) upon receiving an application from such individual and upon receiving any fee which may be assessed by the department for the services.
This provision, according to the court’s reasoning, confers on the State the right to sue on behalf of any parent or child who receives the benefits enumerated in subsection 236.1 B(l), as a form of subrogation. The court held, however, that it does not entitle the State to proceed as a party plaintiff in a paternity action unless the child is receiving government benefits. We note that this passage does not specifically address the right of action or subrogation. Another portion of the statute, more specifically directed to the issue at hand, must prevail. See Smith v. Cajun Insulation Inc., 392 So.2d 398 (La.1980), and citations therein; Sargent v. Louisiana Health Serv. & Indem., 550 So.2d 843 (La.App.2d Cir.1989).
Our review of the instant statute discloses another subsection that specifically confers a right of action upon the State. Subsection 236.1 F(l) provides in pertinent part:
The department, except when it is not in the best interest of the child, may without the necessity of written assignment, subro-gation, * * * take direct civil action, including actions to establish filiation against an alleged biological parent notwithstanding the existence of a legal presumption that another person is the parent of the child solely for the purpose of fulfilling its responsibility under this Section, in any court of competent jurisdiction, to obtain an order, judgment, or agreement of support against the responsible person in any ease in which the department is providing services under this Section. * * * A separate and distinct cause of action in favor of the department is hereby created, and suits brought under this provision need not be ancillary or dependent upon any other legal proceeding. (emphasis added)
3See also Blakesley, Louisiana Family Law, 52 La.L.Rev. 606, 625 (1992).
By its express terms, this subsection rejects the application of subrogation and creates a “separate and distinct cause of action *226 in favor of the department.” The obvious intent is to confer a cause and right of action in favor of the State when the State seeks to provide the enumerated services of subsection 236.1 B(l). The operative fact in creating the cause of action is not the payment of benefits, but the providing of services. In the instant case, the State was seeking to establish the paternity of the minor child, CTG, and this is an enumerated service. To deny the State’s cause of action under the pretext that no benefits have yet been paid is to disregard the statute’s plain meaning. We conclude that the State has the cause and right of action to bring suit to establish Mr. Ball’s paternity of CTG, even though CTG is not presently receiving government benefits.
For the reasons expressed, the district court’s judgment sustaining an exception of no right of action and dismissing the suit is reversed. The case is remanded for further proceedings. The district court is to assess costs upon final disposition of the case.
REVERSED AND REMANDED.