11 STEWART, J.
The State of Louisiana, acting in the interest of the emancipated minor child, M.B., age 16, filed a rule to establish child support and medical support pursuant to La. R.S. 46:236.1. On January 5, 1999, the parents filed a peremptory exception of no right of action and no cause of action against the State. The hearing officer granted the exceptions. The trial court upheld the hearing officer’s decision with *593 out assigning reasons. We amend and as amended affirm and remand for further proceedings.
FACTS
M.B. and her parents lived in the same household until June 1998. At that time, the parents obtained a notarial emancipation for their daughter. Since then, M.B. has not lived with her parents. M.B. lived with various people until August 1998 when she was taken in by a neighbor, Ms. Cherie Landry. Landry is the child’s physical custodian and does not have legal custody of the child. The parents allege that M.B. is ungovernable and possibly considered a runaway. Furthermore, M.B. refuses to come home based on allegations of abuse. An injunction has been issued which prevents the parents from having any contact at all with M.B. The State’s investigation into the situation was pending when this matter was heard. Since Ms. Landry accepted the child into her home, Ms. Landry has provided all of the living expenses for M.B. When the burden became too great, Ms. Landry applied for services from the State of Louisiana seeking child support and medical support from the child’s parents, the defendants in this action. The State filed this suit. And the trial court found no cause and no right of action.
DISCUSSION
In its assignment of error, the State contends that the trial court erred in sustaining the peremptory exceptions of no right of action and no cause of action. The State argues that it has a right of action or cause of action to obtain child ^support when the applicant for services has physical, but not legal custody of the child, even though the child has been emancipated. The State contends that a distinct cause of action in favor of the Department of Social Services is authorized where the Department is providing an enumerated service, citing State in Interest of P.M.I. v. Irion, 631 So.2d 28 (La.App. 2d Cir.1994), and State, Dept. of Social Services v. Ball, 653 So.2d 224 (La.App. 2d Cir.1995). However, neither of those cases involved the situation where the State was bringing suit on behalf of a minor child who was emancipated. We see no precedent in our jurisprudence granting the State a distinct cause of action to obtain child support on behalf of an emancipated minor child.
The applicable codal article is as follows:
Art. 366. Emancipation by notarial act
The minor, although not married, may be emancipated by his father, or if he has no father, by his mother, when he shall have arrived at the full age of fifteen years.
This emancipation takes place by the declaration to that effect of the father or mother, before a notary public in presence of two witnesses.
As to a minor child who has been emancipated, the minor child has the procedural capacity to sue. LSA-C.C.P. art. 682. This Court has held that the emancipated minor must assert the right to child support in his (or her) own name, Contario v. Contario, 350 So.2d 953 (La.App. 2d Cir.1977). Indeed, an action can be brought only by the person having a real and actual interest which he asserts LSA-C.C.P. art. 681.
Furthermore, a competent major and a competent emancipated minor have the procedural capacity to sue. LSA-C.C.P. art. 682. In construing art. 682, the court in Held v. Wilt, 610 So.2d 1103 (La.App. 5 Cir.1992) quoted Jefferson v. Jefferson, 246 La. 1, 163 So.2d 74 (1964) and stated that there is no distinction between the different methods of emancipation where procedural capacity is an issue. ^Regardless of the manner in which the minor was emancipated, an emancipated minor has the capacity to sue.
After reviewing the case law and statutes in this area, we find that the State does not have standing to file suit to obtain child support for and on behalf of a minor child who has been emancipated. Rather *594 it is the emancipated child, M.B., who must assert her right to support by filing suit. We interpret LSA-C.C.P. art. 682 to mean that a competent emancipated minor has the procedural capacity to sue or a competent major may bring suit. Moreover, under Contaño, M.B. must assert this action on her own behalf since she is an emancipated minor. Thus, we believe that the trial court was reasonable in granting the exceptions of no right of action and no cause of action on behalf of the State. We find no manifest error in the trial court’s decision. However, LSA-C.C.P. art. 934 provides that a judgment sustaining a peremptory exception shall provide the opportunity for amendment of the petition.
We are not holding that an emancipated child is not entitled to support. Indeed, this Court has held that the minor’s emancipation does not relieve the parent of the obligation to support the child; however, the child must assert the right in his (or her) own name. See Contario, supra. Moreover, in Suire v. Miller, 363 So.2d 945 (La.App. 3 Cir.1978) the Court held that an emancipated fifteen-year old who filed suit on her own behalf was entitled to support where she proved that she was a “child in need.” Rather, we hold that there was a procedural error involved in the manner in which this suit was brought. The emancipated child, M.B., must assert this suit on her own behalf. The State does not have a right of action nor a cause of action to obtain child support on M.B.’s behalf where the child has been emancipated and is under the care of a physical custodian who does not have legal custody.
| CONCLUSION
For the reasons discussed, the judgment of the trial court is amended and as amended affirmed and remanded for further proceedings. We hereby grant petitioner 15 days to amend the petition pursuant to LSA-C.C.P. art. 934.
AMENDED AND AS AMENDED AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.