433 So.2d 903 (1983)
Paul Danny LEE, et al., Plaintiffs-Appellees,
v.
UNITED STATES FIDELITY & GUARANTY COMPANY, et al., Defendants-Appellants.
No. 82-675.
Court of Appeal of Louisiana, Third Circuit.
June 9, 1983.
*904 Vernon C. McManus, Eunice, for defendants-appellants.
Preston N. Aucoin, Ville Platte, for plaintiffs-appellees.
Before CUTRER, FORET and KNOLL, JJ.
KNOLL, Judge.
The defendants, United States Fidelity & Guaranty Company and Allen J. Arvie, have appealed from a judgment of the trial court awarding damages for plaintiffs' personal injuries.
Paul Danny Lee, Dale J. Lee, and Kelly Marie Lee were injured on August 26, 1981 when a truck driven by Allen J. Arvie ran into the rear of the vehicle in which plaintiffs were riding. On February 11, 1982 Paul Danny Lee,[1] individually, and on behalf of his minor children, Dale J. Lee and Kelly Marie Lee, filed a petition for damages against the defendants.
Subsequent to the rendition of judgment, Paul Danny Lee settled his claim with the defendants and, therefore, he is not before this court on appeal.
The issues presented on appeal are: (1) Did the trial court err in allowing plaintiffs to orally amend the pleadings at the commencement of trial, and (2) Did the trial court err in the amount of damages awarded to Dale J. Lee and Kelly Marie Lee?
Plaintiffs have answered the appeal asking for an increase of the general damages award to Dale J. Lee and Kelly Marie Lee.

ORAL AMENDMENT
The defendants have urged an objection to plaintiffs' oral amendment of the original petition. The purpose of the amendment was to substitute the name of Leas Lee as the father of Dale J. Lee, a minor. The amendment was made orally on the day of trial and plaintiffs' counsel filed a written amendment in accordance with the trial judge's instructions on the afternoon of trial.
Although defense counsel objected to the oral amendment at trial and again on appeal, this court is confronted with a more complicated procedural problem. The testimony at trial affirmatively established that at the time of the accident Dale J. Lee was 15 years of age and was married. Article 682 of the Louisiana Code of Civil Procedure provides:
"A competent major and a competent emancipated minor have the procedural capacity to sue."
This article does not make a distinction between emancipation by marriage and judicial emancipation. Regardless of the form of emancipation, an emancipated minor has the legal capacity to sue. LSA-C.C. Art. 380; LSA-C.C.P. Art. 682; Jefferson v. Jefferson, 246 La. 1, 163 So.2d 74 (La.1964); In Re Greer, 184 So.2d 104 (La. App. 4th Cir.1966). As a result of Dale Lee's emancipation by marriage neither Paul Danny Lee nor Leas Lee had a right of action to sue on behalf of Dale J. Lee. This technicality will be recognized and alleviated by this court as the substitution of party plaintiff in this instance would not adversely affect the defendants.[2]
*905 The jurisprudence has held that substantial justice is met in matters touching upon the substitution of a proper party plaintiff. Nettles, supra; Lee v. Shaw, 402 So.2d 152 (La.App. 1st Cir.1981).
We shall amend the judgment of the trial court to properly reflect Dale J. Lee as a proper party plaintiff and continue with a full disposition of this matter.
For the foregoing reasons we conclude that defendants' objection to the oral amendment of plaintiffs' petition is without merit.

AWARD OF DAMAGES TO DALE J. LEE
The trial court awarded Dale Lee $4,000.00 for his pain, suffering, and disability which defendants contend is excessive and should be reduced to $1,500.00.
Dale Lee was 15 years old on the day of the accident. He was driving his father's pick-up truck which was suddenly struck from the rear. He testified that upon impact his body hit the steering wheel and his head struck the back glass. He was examined in the emergency room at Ville Platte General Hospital where x-rays were taken, but it was not necessary for him to be hospitalized.
The day following the accident, Dale Lee consulted Dr. Charles Fontenot complaining that his back was hurting. Dr. Fontenot testified that Dale Lee suffered an acute cervical strain as well as an acute lumbar strain. Dr. Fontenot examined Dale Lee on four separate occasions and found him to be suffering back spasms at the time of the last examination, some seven weeks after the accident. Dr. Frank Anders, Jr., an orthopedist, first examined Dale Lee about nine months after the accident, and diagnosed him to have suffered a mild back sprain.
Dale Lee is an electrician's helper. His work requires both lifting and climbing. At the time of trial he complained of his back hurting when he lifts boxes of electrical wire. We follow Reck v. Stevens, 373 So.2d 498 (La.1979) to determine if the trial court's award of damages was a clear abuse of discretion. In view of Reck, supra, and the record of this case, we do not find that the trial court abused its discretion.

AWARD OF DAMAGES TO KELLY MARIE LEE
Kelly Marie Lee was 3 years of age and seated in the middle of the Lee truck. At the time of impact she hit the dashboard with her stomach. She immediately complained to her father of stomach pain, which continued for about a week. She was x-rayed at Ville Platte General Hospital and released. Shortly thereafter she was seen by her family physician, Dr. Charles Fontenot, who saw her on one occasion and diagnosed her as having abrasions of the left knee and thigh together with blunt abdominal trauma. She saw no other physician and had completely recovered when this case was heard on the merits.
The trial court granted her $700.00 in general damages for pain, suffering, fear, and mental anguish. We do not find that the trial court committed manifest error in its award to Kelly Lee.
As we have previously indicated, we shall amend the trial court judgment to substitute Dale J. Lee as party-plaintiff in lieu of his father, Leas Lee.
For the reasons assigned, that portion of the judgment making an award to "Leas Lee, for and on behalf of his minor son, Dale J. Lee," [paragraph (3)] is amended to reflect that the award is made to Dale J. Lee.
In all other respects the judgment of the trial court is affirmed. Defendants are assessed with all costs of this appeal.
AMENDED AND AFFIRMED.
NOTES
[1] We amend the judgment to reflect Dale J. Lee as a proper party plaintiff, treated further in this opinion.
[2] For instance, the defense of prescription would not be applicable. Nettles v. Great American Insurance Company, 115 So.2d 87 (La.App. 1st Cir.1963), writs denied, 244 La. 1024, 156 So.2d 227.