610 So.2d 1103 (1992)
Janet Held, Wife of/and Clarence HELD
v.
Paul R. WILT, Daniel Carrone, Adam Rodrigue, Larry Rodrigue, Mrs. Larry Rodrigue and XYZ Insurance Company.
No. 92-CA-563.
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1992.
William J. Faustermann, Jr., Slidell, for plaintiff/appellant, Janet Held, wife of/and Clarence Held.
John J. Molaison, Jr., Molaison & LeBlanc, Gretna, Bernard J. Williams, Elizabeth D. MacKay, Dupass, Witman, Zwain & Williams, Metairie, for defendants/appellees, Larry Rodrigue and Jo Ann Rodrigue.
Before BOWES, GAUDIN and CANNELLA, JJ.
BOWES, Judge.
Appellants, Janet Held and Clarence Held (hereinafter the "Helds"), appeal a judgment of the district court dismissing their suit against defendants, Larry and Joann Rodrigue (hereinafter the "Rodrigues"), in summary judgment. We affirm.

FACTS
On December 6, 1990, appellants filed suit in the Twenty-Fourth Judicial District Court against a number of parties, including defendants/appellees and their son, Adam Rodrigue. The suit was for damages for wrongful conversion and alleged that on December 8, 1989 Adam (then age seventeen) and an accomplice stole keys to the Helds' home and automobile and later stole their car, vandalized and destroyed it. The Rodrigues were cited as the parents of Adam who were alleged to be vicariously liable for the actions of their minor son, Adam.
The Helds filed an answer to the petition averring that Adam had been emancipated by notarial act pursuant to LSA-C.C. art. 366 (infra) on March 21, 1989 several months prior to the incident in question. They subsequently filed a motion for summary judgment in their favor, on the basis of LSA-C.C. art. 2318 (infra). Following argument of the motion, the trial court rendered judgment in favor of the defendants, with written reasons. Essentially, the court found that the Act of Emancipation submitted by defendants absolved them of responsibility under the law.

ANALYSIS
The applicable codal articles are as follows:
Art. 366. Emancipation by notarial act
The minor, although not married, may be emancipated by his father, or if he has no father, by his mother, when he shall have arrived at the full age of fifteen years.
This emancipation takes place by the declaration to that effect of the father or mother, before a notary public in presence of two witnesses.
Art. 370. Emancipated minor's powers of administration
The minor who is emancipated has the full administration of his estate, and may pass all acts which are confined to such administration, grant leases, receive his *1104 revenues and moneys which may be due to him, and give receipts for the same.
Art. 385. Emancipation of minor sixteen years or older
A minor sixteen years of age or older may be judicially emancipated and relieved of the disabilities which attach to minority as provided in Article[s] 3991 through 3994 of the Louisiana Code of Civil Procedure.
Art. 2318. Acts of minors
The father and the mother and, after the decease of either, the surviving parent, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.
The same responsibility attaches to the tutors of minors.
Appellants argue that emancipation by notarial act, unlike judicial emancipation, does not relieve a parent of responsibility for the torts of his minor child under C.C. art. 2318. In Speziale v. Kohnke, 194 So.2d 485 (La.App. 4 Cir.1967), writ refused, 196 So.2d 534 (La.1967), the Fourth Circuit stated thusly:
The judicial emancipation of a minor terminates the authority and control over a minor by operation of law, and therefore there is no more basis upon which to attach personal liability to the parents for the torts of the child which is predicated upon the control and authority of the parent.
[Emphasis supplied].
Appellants correctly urge that an emancipation by notarial act has certain limits on the power and authority granted to a minor as opposed to judicial emancipation. For example, LSA-C.C. art. 371 prevents a minor thus emancipated from legally obligating himself for any sum exceeding one year of his revenue; article 373 requires court authorization for a minor (emancipated under this section) to alienate or mortgage immovable property; and article 377 permits such emancipation to be revoked. Appellants conclude that these limitations result in the fact that such a minor remains under the control of his parent; therefore the rights and responsibilities of the parent cited in article 2318 are not released by notarial emancipation.
In considering this argument, the trial court stated in its reasons for judgment as follows:
The Court has found no cases dealing directly with the question of whether an emancipation by notarial act absolves parents of responsibility under Article 2318. After reviewing the statutes and the caselaw in this area, the Court finds that an emancipation by notarial act does relieve parents of responsibility under Article 2318. Article 2318 does not distinguish between the different methods of emancipation. Article 366, allowing emancipation by notarial act, existed when Article 2318 was enacted. Had the legislature desired to distinguish between the types of emancipation for the purposes of article 2318, they could have done so in drafting that article. See, Speziale v. Kohnke, [supra].
After a review of the applicable law and jurisprudence we agree with the above analysis; and we note that other courts in this state have refused to distinguish between judicial emancipation and emancipation by marriage. In Jefferson v. Jefferson, 163 So.2d 74 (La.1964), our Supreme Court interpreted LSA-C.C.P. art. 682 which states as follows:
A competent major and a competent emancipated minor have the procedural capacity to sue.
In interpreting the article, the court held:
The codal provision makes no distinction between emancipation by marriage and judicial emancipation. Irrespective of the type of emancipation, or its effect, an emancipated minor has the capacity to sue.
That case affirmed the Third Circuit (Jefferson v. Jefferson, 145 So.2d 356 (La.App. 3 Cir.1962), which had refused to construe Article 662 to except a married woman under the age of eighteen as having capacity to sue.
*1105 See also Lee v. United States Fidelity & Guar. Co., 433 So.2d 903 (La.App. 3 Cir. 1983) wherein the court citing Jefferson, supra, again found a married minor had a right of action to sue based on the failure of the quoted article (again LSA-C.C.P. art. 682) to distinguish between types of emancipation.
"Regardless of the form of emancipation, an emancipated minor has the legal capacity to sue."
Lee, at p. 904.
We find that this analysis holds true in the present case. The incapacities of the minor emancipated by notarial act are similar to the incapacities of the married minor under the age of eighteen at the time Jefferson was handed down. A strict interpretation of the phrase "emancipated minor" was employed by the courts in finding a failure (or refusal) of the legislature to differentiate between the various types of emancipation when conferring the power and authority to sue.
We see no precedent in our jurisprudence to interpret the term "unemancipated children" in LSA-C.C. art. 2318 as requiring a particular form of emancipation. While a minor emancipated by notarial act is not totally relieved of all incapacities, it appears that the legislature did not intend to distinguish the various methods of emancipation for purposes of liability for civil offenses and quasi offenses. We note that the legislature did utilize the term "fully emancipated minor" in LSA-C.C. art. 1922. We also note that both articles were amended in 1984 and we are compelled to conclude that the legislature intended no such distinction in C.C. art. 2318 as it did in C.C. art. 1922. Therefore, the trial court correctly granted summary judgment in favor of defendants.
However, we find logic in appellant's assertion that in order for a parent to be relieved of liability for the torts of their minor child, that full or judicial emancipation should be required. We agree that notarial emancipation appears to leave a minor under the control of his parent, and that parental liability is based on strict liability of and control of the parent over the minor. See Pizzo v. Graves, 453 So.2d 592 (La.App. 5 Cir.1984). However, this is a problem which addresses itself to the legislature, and we are constrained to affirm the trial court under the contents of the present articles.
For the foregoing reasons, the judgment appealed from is affirmed. Costs of this appeal are assessed against appellants.
AFFIRMED.