KLIEBERT, Chief Judge.
Harvey J. Collins, plaintiff, originally filed suit in the Twenty-fourth Judicial District Court on March 29,1990 to recover damages, attorney’s fees, costs, and punitive damages for the allegedly fraudulent sale of immovable property in Florida in which he owned a one-half interest. Made defendants were Juanita Eskew Collins, plaintiffs ex-wife; Mr. Leonard J. Cline, the notary before whom the sale was passed; a John Doe; and XYZ Insurance Company, alleged to have issued a liability policy to the defendant notary.
Although the apparent intention of the plaintiff was to appeal the judgment of September 3, 1992, which granted defendants’ exceptions, in his notice of appeal he used the date of the Denial of Motion for New Trial. Since counsel for defendants addresses the merits of the appeal, therefore, in the interests of justice, we will do the same.
The original suit was dismissed on July 3, 1991, for plaintiffs failure to attend a deposition. The trial court’s dismissal was affirmed by this Court on February 18, 1992. (91-CA-849, Grisbaum, writer, not designated for publication).
*1276 On February 20,1992 Mr. Collins filed the suit which is the subject of the instant appeal, containing substantially identical allegations against the same parties. Defendants filed an Exception of No Cause and No Right of Action, which was granted by the trial court on September 3, 1992, with no written reasons. Plaintiff filed a Motion for New Trial on September 18, 1992, which was heard on February 10, 1993. The motion was denied on March 17, 1993. Plaintiff was granted this suspensive appeal on April 7, 1993.
Plaintiffs petition alleges that in 1988, he and defendant Juanita Eskew Collins purchased two lots of ground in Lee County, Florida, each receiving a one-half interest therein. The petition is unclear whether plaintiff and defendant Collins were married at the time of the purchase, although it is apparent that the parties were divorced when suit was filed. Mr. Collins further alleges that on or about March 29, 1989, defendant Collins appeared in the office of the defendant notary Mr. Cline, accompanied by someone purporting to be plaintiff, who forged his signature to an Act of Sale conveying the two Florida lots to purchaser, Mr. Robert McMiehael. (Mr. McMichael is not a party to these proceedings.) Mr. Collins claims he first learned of the fraudulent sale sometime in July 1989.
On Appeal, plaintiff argues that the trial court erred in granting defendants’ Exception of No Right or Cause of Action.
Initially, we note that Louisiana does not have an Exception of “No Right or Cause of Action.” They are separate and distinct exceptions. Each serves a particular purpose and each follows particular procedural rules. LSA-C.C.P. art. 927(4), (5); Smith v. Cole, 541 So.2d 307 (5th Cir.1989); affirmed 553 So.2d 847 (La.1989). For the purposes of this opinion, we will consider the exception as two distinct matters.
The purpose of an exception of no cause of action is to determine whether the law affords any remedy to the plaintiff under the particular allegations of the petition. No evidence may be introduced and all well-pleaded facts are accepted as true. Walker Resources, Inc. v. Jif’s Petroleum Services, Inc., 550 So.2d 958 (5th Cir.1989). The exception may be sustained only when it is clearly shown that the law affords no remedy to anyone for the particular grievance alleged. Smith v. Cole, supra, at 309.
In paragraph IX of the petition, plaintiff alleges that Mrs. Collins deliberately sold property belonging to the community of ac-quets and gains existing between herself and petitioner, and caused the forgery of the petitioner’s name to be executed on the Act of Sale. In the same paragraph of the petition, petitioner alleges that the notary violated his notarial obligations by notarizing the Act of Sale, while he knew or should have known that the person signing as Harvey Collins was not in fact Harvey Collins, and/or the notary should have requested identification from whomever signed as Harvey Collins.
The concurrence of both spouses is required for the alienation, encumbrance, or lease of community property, and the unauthorized sale of community property is a relative nullity. LSA-C.C. arts. 2347 and 2353.
In Webb v. Pioneer Bank & Trust Co., 530 So.2d 115 (2nd Cir.1988), the court held that a wife was entitled to damages against her husband who had caused her signature to be forged on a mortgage affecting community property. Clearly, in the instant case, plaintiff Collins’ petition stated a cause of action against his ex-wife for the sale of community property without his concurrence. Furthermore, this result is not changed by the fraudulent sale allegedly having occurred after the parties’ divorce. After the community regime is terminated by a judgment of divorce, the provisions governing co-ownership apply unless there is a contrary provision of law or juridical act. LSA-C.C. arts. 2356, 2369.1. According to LSA-C.C. art. 805, the consent of all co-owners is required for the alienation of the entire thing held in indivisión.
As to stating a cause of action against the notary, the law is clear that a notary is liable both for deliberate misfeasance in the course of his official duties, and for negligence in performing those duties.
*1277 In Summers Brothers, Inc. v. Brewer, 420 So.2d 197 (1st Cir.1982) the court upheld a judgment against a notary who notarized a document containing forged signatures. The court said at page 204:
“Even if Mills did not know that the signatures on the contract were forgeries, he knew that by authenticating the document, as notary, he was telling the world that the parties had appeared before him and affixed their signatures in his presence. Thus, he committed fraud in that he purposely let third parties rely on a document purporting to be genuine but actually without validity as an authentic act. The ‘proof of validity he supplied was misleading to all who relied on the contract.”
The court also recognized that a notary was liable for deliberate misfeasance occurring during the course of his official notarial duties.
In Webb, supra, the court found that the notary who notarized the note in the mortgage but could not recall whether the wife’s signature was affixed in his presence was negligent for failing to exercise ordinary care in ascertaining the genuineness of the signature allegedly fixed in his presence, citing LSA-R.S. 35:2 and R.S. 35:198.
The court in Levy v. Western Casualty & Surety Co., 43 So.2d 291 (2nd Cir.1949) recognized that under certain circumstances, a notary could be negligent for failing to get proof of identification from a person signing a document in his presence.
Considering the above jurisprudence, we find it clear that plaintiffs petition stated a cause of action against both defendants Juanita Eskew Collins and notary Leonard J. Cline. Therefore, the exception of no cause of action must be overruled.
The peremptory exception of no right of action raises the question of whether this plaintiff has a legal interest in the subject matter of the litigation. LSA-C.C.P. art. 927(5); Walker Resources, Inc., supra.
Evidence may be introduced at the trial of the exception of no right of action where the grounds thereof do not appear from the petition. LSA-C.C.P. art. 931.
The exception of no right of action is not available to argue a defense to the effect that the plaintiff is without interest simply because the defendants have a defense to the plaintiffs actions. Smith v. Cole, supra.
At the hearing on the exceptions, defendants introduced a quitclaim deed entered into between Mr. Collins and the purchaser, Mr. McMichael. They assert that this quitclaim deed serves to divest plaintiff of his legal right to pursue defendants. However, defendants are not correct.
Plaintiffs suit prays for damages in connection with the allegedly fraudulent sale of the land. He does not sue to rescind the sale or in any way seek to nullify it. He does not seek the land back itself. A quitclaim deed transfers the grantor’s interest in the property, whatever the extent of that interest, to the grantee. Sabine Prod. Co. v. Guaranty Bank & Trust, 432 So.2d 1047 (1st Cir.1983). The quitclaim deed may provide defendants with a defense to the plaintiffs suit, but it does not serve to change the plaintiffs legal status.
In a suit against co-owner(s) for their alleged violations of the duties of co-ownership, the only rightful and proper plaintiff is the other aggrieved co-owner(s). Therefore, it is clear that the trial court erred when it granted defendants’ exception of no right of action.
Accordingly, the trial court’s judgment granting defendants’ exception of no cause and no right of action is hereby reversed, and the matter is remanded to the trial court for trial on the merits. Costs of the appeal are to be borne by defendants-appellees.
REVERSED AND REMANDED.