643 So.2d 1309 (1994)
Patrick H. BOUDREAUX, Individually and as the Administrator of the Estate of His Minor Child, Patrick K. Boudreaux
v.
Billy J. ENTREKIN and Mattie Willie Entrekin, Individually and as Tutors of Their Minor Child, Billy K. Entrekin, ABC Insurance Company, DEF Insurance Company, and Billy K. Entrekin, as Administrator of His Own Estate.
No. 94-CA-272.
Court of Appeal of Louisiana, Fifth Circuit.
September 27, 1994.
*1310 Michael D. Peytavin, Gretna, for plaintiff/appellant, Patrick H. Boudreaux, et al.
John H. Brooks, Gretna, and Darryl J. Foster, Lemle & Kelleher, New Orleans, for defendant/appellee, Billy J. Entrekin.
Before KLIEBERT, BOWES and CANNELLA, JJ.
BOWES, Judge.
Plaintiff/appellant, Patrick H. Boudreaux, individually and as the administrator of the estate of his minor son, Patrick K. Boudreaux (hereinafter "Boudreaux"), appeals a judgment of the district court granting an exception of no right of action in favor of the defendant, Billy J. Entrekin (hereinafter "Entrekin"). We annul and set aside.

FACTS
Plaintiff/appellant filed suit against Entrekin and Mattie W. Entrekin, individually and as tutors for their minor child Billy K. Entrekin; Billy K. Entrekin was also sued individually as administrator of his own estate. According to the petition, the lawsuit stemmed from an incident in which the younger Entrekin severely injured the younger Boudreaux by striking and hitting him several times causing severe injuries to the face, jaws and teeth of the minor Boudreaux.
Boudreaux sought damages for pain and suffering, medical expenses, disability, scarring, and other damages. In the petition, plaintiff alleged that the parents of the minor Entrekin were liable for the actions of their son under LSA-C.C. art. 2315, and were further strictly liable under LSA-C.C. art. 2318.
In response to the petition, Entrekin filed a pleading entitled "exception of no cause or right of action," alleging that Billy K. Entrekin had been emancipated by his father on June 13, 1991, nearly two months before the incident. It was further alleged that at the time of the incident, the minor Entrekin was subject to the legal custody of his mother, the parents (apparently, although it is not entirely clear from the designated record) having been divorced for some years prior to the time in question. A photocopy of an emancipation by notarial act was attached to the exception. The trial court denied the exceptions, and this Court denied writs. See 93-C-403, May 28, 1993.
On December 4, 1993, a "supplemental exception of no right of action" was filed by Entrekin, averring that the prior exception was adjudicated without regard to the case of Held v. Wilt, 610 So.2d 1103 (La.App. 5 Cir.1992). In that case, this Court held that an emancipation by notarial act relieves a parent of responsibility for damage caused by their child. Entrekin did not file a memorandum in connection with that motion and *1311 did not file a copy of the emancipation into evidence. The exception was taken under advisement and, on March 14, 1994, the trial court granted the exception of no right of action and dismissed plaintiff's case against Entrekin with prejudice. It is from this judgment that Boudreaux appeals.

ANALYSIS
LSA C.C. art. 2318 reads as follows:
The father and the mother and, after the decease of either, the surviving parent, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.
The same responsibility attaches to the tutors of minors.
LSA C.C. art. 237 reads:
Fathers and mothers are answerable for the offenses or quasi-offenses committed by their children, in the cases prescribed under the title: Of Quasi-Contracts, and of Offenses and Quasi-Offenses.

Under ordinary circumstances then, the parents of a child living at home are strictly liable for the torts of their unemancipated children. See e.g. Ryle v. Potter, 413 So.2d 649 (La.App. 1 Cir.1982). There are refinements on the general rule, such as when one parent loses parental authority by a judgment of custody in favor of the other parent. See Wilde v. McMilleon, 513 So.2d 551 (La.App. 2 Cir.1987).
Under LSA-C.C.P. art. 683, an unemancipated minor does not have the capacity to sue; the father, as administrator of the estate of his minor child, is the proper party plaintiff to enforce the right of an unemancipated minor.
As we read the petition, Boudreaux has proceeded both in his capacity as the administrator of the estate of his minor son for damages such as pain and suffering, as well as on his own behalf, for pecuniary losses such as medical expenses and lost wages.
With regard to the exception before us, our Supreme Court has discussed recently the function of an exception of no right of action in Cox Cable v. City of New Orleans, 624 So.2d 890 (La.1993):
An action can be brought only by a person having a real and actual interest which he asserts. La.Code Civ.Proc. art. 681. When the facts alleged in the petition provide a remedy to someone, but the plaintiff who seeks the relief for himself is not the person in whose favor the law extends the remedy, the proper objection is an exception of no right of action. This exception raises the question whether the plaintiff has any interest in judicially enforcing the right asserted. La.Code Civ. Proc. art. 927(5); G.I. Joe Inc. v. Chevron U.S.A., Inc., 561 So.2d 62 (La.1990); Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972).
Also St. Jude Medical Office Bldg. v. City Glass and Mirror, Inc., 619 So.2d 529 (La. 1993); Collins v. Collins, 629 So.2d 1274 (La.App. 5 Cir.1993).
Under the applicable codal articles and the jurisprudence, Boudreaux obviously has standing to bring the action which requests damages not only on behalf of his minor son, but also for losses which were personal to him. Boudreaux has an interest in enforcing the rights asserted. Therefore, it appears clear that an exception of no right of action should not have been granted by the trial court, and to do so was error.
Nor do we consider the pleading, as defendant suggests, as an exception of no cause of action because this exception must be determined on the face of the petition alone. LSA-C.C.P. art. 931. Angelica v. Angelica, 608 So.2d 256 (La.App. 5 Cir.1992) states:
For the adjudication of the objection the well-pleaded facts of the petition are accepted as true. Reed v. Yor-Wil, Inc., supra [406 So.2d 236 (La.App. 1 Cir. 1981) ]. No evidence may be introduced at any time to support or controvert the objection. LSA-C.C.P. art. 931; Ustica Enterprises, Inc. v. Costello, 434 So.2d 137 (La.App. 5th Cir.1983), on reh'ng, 454 So.2d 908 (La.App. 5th Cir.1984).
In the petition, the marital status of the Entrekins is not pleaded, nor is the *1312 actual custodial arrangement in effect at the time of the incident. Our reading of the petition convinces us that the plaintiff Boudreaux has stated a cause of action against the Entrekin family. If Entrekin wishes to plead an affirmative defense such as the emancipation, he may not do so by exceptions of no cause or no right of action. Collins v. Collins, supra; Gilmore v. First Nat. Bank, 565 So.2d 1067 (La.App. 5 Cir.1990). Contrary factual contentions do not support the maintaining of the exception of no cause of action, but are instead defenses which must be tried. Mavromatis v. Lou-Mar Inc., 632 So.2d 828 (La.App. 4 Cir.1994); Sajare Interests, Ltd. v. Esplanade Management Inc., 459 So.2d 748 (La.App. 4 Cir.1984).
Since Boudreaux, in the petition, has stated both a right of action as well as a cause of action in accordance with the statutory requirements, the judgment sustaining the supplemental exception of no cause of action and dismissing the action against Entrekin is annulled and set aside and the matter is remanded for further proceedings in harmony with this opinion.
Costs of this appeal are assessed to defendant/appellee.
ANNULLED AND SET ASIDE.