688 So.2d 67 (1997)
SHARKEY'S REEF, LTD.
v.
John J. POLIT.
No. 96-CA-499.
Court of Appeal of Louisiana, Fifth Circuit.
January 15, 1997.
J. Morris "Jack" Dunn, III, Metairie, for Plaintiff/Appellant.
Don C. Gardner, Harahan, for Defendant/Appellee.
Before BOWES, DUFRESNE and DALEY, JJ.
DALEY, Judge.
This is a suit seeking damages against a court appointed corporate receiver for allegedly breaching his fiduciary duty to the corporation and an individual shareholder, J. Morris "Jack" Dunn III. The corporation and defendant settled their suit; however, the shareholder's action was met with an Exception of No Right of Action which the trial court granted. Dunn appeals. For the reasons that follow, we affirm.
On August 15, 1991, Dunn, an attorney, filed suit on behalf of Sharkey's Reef LTD. (hereafter Sharkey's) against John J. Polit, a former corporate employee and court appointed receiver of Sharkey's. The suit alleges Polit breached his fiduciary duties and wrongfully converted corporate funds to his personal use. Polit filed a third party demand naming Dunn a defendant alleging that he was the owner, agent and manager of Sharkey's, authorized many of the complained of expenditures and also took part in similar "perks".
Due to the pending bankruptcy proceeding involving Sharkey's, the Trustee was substituted as party plaintiff on behalf of the corporation and the claim against Polit was eventually settled on March 15, 1995. On April 10, 1995, Dunn filed a Reconventional Demand against Polit alleging that while he was an employee and receiver of the corporation Polit fraudulently converted corporate funds to his personal use. He also alleged Polit was instrumental in converting the Chapter 11 bankruptcy into a Chapter 7 liquidation resulting in both the corporate stock losing considerable value and Dunn personally sustaining "... great financial loss". This Reconventional Demand was met by Exceptions of No Cause of Action, No Right of Action, Settlement and Compromise and Prescription. Following a hearing, the trial court granted the Exception of No Right of Action and dismissed the case.
An Exception of No Right of Action questions whether the plaintiff has a real and actual interest that he is asserting. La.Code Civ. Proc. art. 681. The exception is used to raise the question whether the plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy for *68 which a cause of action exists, or to raise the issue whether the plaintiff has the right to invoke the remedy which the law extends only conditionally. Greenbriar Nursing Home, Inc. v. Pilley, 637 So.2d 429, 93-2059 La. 5/23/94, (La.1994); Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n, 646 So.2d 885, 94-2015 La. 11/30/94, (La.1994); Boudreaux v. Entrekin, 643 So.2d 1309, 94-272 La.App. 5 Cir. 9/27/94, (La.App. 5 Cir.1994); Cox Cable v. City of New Orleans, 624 So.2d 890 (La.1993) Babineaux v. Pernie-Bailey Drilling Co., 262 So.2d 328, 261 La. 1080 (1972), quoting Henry G. McMahon, The Exception of No Cause of Action in Louisiana, 9 Tul.L.Rev. 17, 29-30 (1935).
Dunn's petition alleges defendant breached certain duties to the corporation which have caused a loss to him individually. He contends because the loss is also personal to him, he has a right of action to recover the loss notwithstanding the corporation's separate right.
A shareholder or creditor is not the proper party plaintiff to bring an action on behalf of a corporation. That right falls to the proper corporate representative, a court appointed liquidator or receiver, or, in the case where the corporation refuses to bring the action, a shareholder in a shareholder's derivative suit. The Reconventional Demand filed by Dunn attempts to assert a cause of action against Polit for breach of certain fiduciary duties owed to the corporation and to which the corporation has instituted and settled an action. Dunn, as a creditor or stockholder, does not have a right in his individual capacity to bring a suit against Polit for a loss resulting from a breach of a fiduciary duty to the corporation. See Allen v. Cochran, 107 So. 292, 160 La. 425 (1926); Wirth v. Albert, 141 So. 1, 174 La. 373 (La.1932); Maxey v. Aetna Casualty & Surety Co., 255 So.2d 120 (La.App. 3d Cir.1971); Korson v. Independence Mall I, Ltd., 595 So.2d 1174 (La.App. 5th Cir.1992). That right belongs solely to the corporation.
Accordingly, for the foregoing reasons, the trial court judgment granting the Exception of No Right of Action and dismissing Dunn's suit is affirmed. All costs are assessed against Dunn.
AFFIRMED.