900 So.2d 983 (2005)
NO FAULT TENNIS & TRACK, LLC
v.
A-1 ASPHALT PAVING AND REPAIR, INC., et al.
No. 04-CA-1297.
Court of Appeal of Louisiana, Fifth Circuit.
March 29, 2005.
*984 Michael K. Heltz, Gramercy, LA, for Defendant/Appellant.
Maura Z. Pelleteri, David J. Krebs, Charles B. Long, New Orleans, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and SUSAN M. CHEHARDY.
EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by the St. James Parish School Board, third-party plaintiff-appellant, from a judgment sustaining an exception of no right of action urged by St. Paul Guardian Insurance Co., third-party defendant-appellee, in this dispute over payment of a subcontractor for work done at two public schools. For the following reasons we affirm that judgment.
The basic facts are as follows. The School Board put out for bids the resurfacing of the athletic tracks at two schools. A-1 Asphalt and Repair, Inc. was the successful bidder, and it subcontracted some of the work out to No Fault Tennis and Track, L.L.C. St. Paul issued both a performance bond and a labor and material payment bond for the job. No Fault filed the present suit against A-1 for payment of an alleged outstanding balance for labor and materials of some $90,000. It also filed liens against the School Board, and named the Board as a defendant in conjunction with these liens.
*985 The School Board answered and filed a third-party demand against St. Paul on the bonds. Eventually, No Fault also named St. Paul as a defendant. St. Paul urged an exception of no right of action as to the Board's third-party demand, which was sustained. The Board now appeals.
Because the controversy here relates to payments allegedly due to No Fault for labor and materials, the performance bond written by St. Paul is not at issue. That bond provides that St. Paul would undertake completion of the work if A-1 did not do so, but it further requires that the School Board first declare A-1 to be in default and then notify St. Paul that the default had occurred, before St. Paul's obligations would arise. There is nothing in the record to show that these two conditions were met.
Instead, it is the labor and material payment bond that is involved here. Under La. R.S. 38:2241, payment bonds are statutory, i.e. the bond must contain all of the provisions set forth in the statute, and any provision in such a bond which does not comport with the statute is void as contrary to public policy. Section 2242 defines who may be a claimant pursuant to a statutory payment bond. That section provides that only parties who are owed money for providing labor and materials to the job in question are proper claimants. The public body (or owner) of the project is not a "claimant" under the statute, and therefore the School Board here has no right of action against St. Paul under the payment bond, and the exception was properly sustained. See Sharkey's Reef, Ltd. v. Polit, 96-499 (La.App. 5th Cir.1/15/97), 688 So.2d 67.
For the foregoing reasons the judgment of the district court is hereby affirmed.
AFFIRMED.
DALEY, J., dissents with reasons.
DALEY J., dissents with reasons:
St. James Parish School Board in their Third Party Demand alleged that "St. Paul, as surety, issued a Performance Bond and a Labor and Material Payment Bond in favor of the School Board, as oblige, for the completion of the projects and for payment of any labor and/or material liens filed for labor, material or both used or reasonably required for use in the performance of the contracts, including the claims filed herein by No-Fault." The performance bond obligates A-1 Asphalt Paving and Repair, Inc. and St. Paul Guardian Insurance Company to properly and faithfully perform other conditions of the contract. The Labor and Material Payment Bond provides that a claimant who has not been paid for labor or materials used in the performance of the contract may sue the surety and "The owner shall not be liable for the payment of any costs or expenses of such suit."
The Third Party Petition filed by the Parish states that as of April 30, 2002 the work provided for in the contract remains incomplete. For the purpose of an Exception of No Right or Cause of Action we must accept the pleading as true. I, therefore, disagree with the trial court and the majority of this Court's position that the Performance Bond is not applicable. St. Paul is obligated, as surety, to complete or have completed the work required under the contract and is likewise obligated to pay for labor and material used in the performance of the contract. The surety contract specifically provides that owner shall not be liable for any costs or expenses of a suit over material on labor.
No Fault Tennis & Track LLC is suing the Parish for money owed for labor and materials allegedly owed for work performed on the contract. St. Paul, as surety, *986 is obligated to pay these sums, if owed, and as surety, has guaranteed their payment. I believe the Parish has asserted a right of action against both the Performance and Payment Bond and so I respectfully dissent.
I respectfully dissent from the majority's position and would have denied the Exception of No Right of Action.