| SHERRILL G. BERGERON | * | NO. 2023-CA-0161 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| AARON P. BERGERON AND | * | |
| BRETT M. BERGERON, | | FOURTH CIRCUIT |
| INDIVIDUALLY AND AS CO- | * | |
| INDEPENDENT | | STATE OF LOUISIANA |
| ADMINISTRATORS OF THE | * * * * * * * | |
| SUCCESSION OF STEVE | | |
| BERGERON, STEVEN K. | | |
| BERGERON, LUANN SCHULZ | | |
| LANDRY AND ABC | | |
| INSURANCE COMPANY | | |

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 22-0366, DIVISION "B"
Honorable Jeanne Nunez Juneau, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Rosemary Ledet, Judge
Tiffany Gautier Chase)

Anthony J. Milazzo, Jr.
HEBBLER & GIORDANO, L.L.C.
3501 North Causeway Boulevard
Suite 400
Metairie, LA 70002

**COUNSEL FOR APPELLANT/SHERRILL G. BERGERON**

Alan G. Bouterie, Jr.
Melanie M. Licciardi
Jordan P. Guillot
BOUTERIE LAW FIRM, APLC
2110 Pakenham Drive
Chalmette, LA 70043

**COUNSEL FOR APPELLEE/LUANN SCHULZ LANDRY**

**REVERSED AND REMANDED**
**NOVEMBER 16, 2023**

In this case, plaintiff / appellant sued the notary who authenticated her signature on a document. Plaintiff / appellant alleges that the document was forged and that she did not appear before the notary. The document in question was a request for a lump sum payment of retirement benefits payable to plaintiff's husband by Chevron. The notary filed an exception of peremption that was granted by the trial court. Plaintiff appeals from that decision. The question on which this case hinges is whether notarizing a document for an absent signatory constitutes fraud without further evidence of fraudulent intent. For reasons that follow, we reverse and remand for further proceedings consistent with this opinion.

***Relevant facts.***

Steve Bergeron ("Steve") worked for Chevron and earned certain retirement benefits. Sherrill ("Sherill") and Steve were married at the time of his death and for some unspecified period of time prior to his death. He retired on January 5, 2016. Steve signed a lump-sum payment election on February 8, 2016. He died on April 24, 2021. The lump-sum election was notarized by Luann Schulz Landry ("Landry"), the defendant notary. Sherrill became aware of the lump sum election

when she was reviewing financial documents in the course of preparing to open Steve's succession. She filed this suit on March 31, 2022.

***Prior proceedings.***

Landry filed her exception of peremption on May 25, 2022. On September 20, 2022, Sherrill filed an amended petition that specifically alleged fraud. The trial court granted Landry's exception in a judgment rendered December 21, 2022. Sherrill's notice of devolutive appeal was issued on January 18, 2023.

***Legal analysis.***

The applicable peremption statute is La. R. S. 35:200(B) provides, among other things, that any action against a notary must be brought within one year after the act or date of discovery, but in no event more than three years after the act that gave rise to the claim. Subsection E of that statute provides that, "The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953." Article 1953 provides that, "Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction."

Sherrill complains in her petition that the lump sum distribution prevented her from receiving a monthly retirement check of $3,980.00.

The trial court found that Sherrill did not plead fraud with sufficient particularity. The court cited La. C.C.P. Art. 856, which requires that, "In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity. Malice, intent, knowledge, and other condition of mind of a person may be alleged generally." The trial court also relied on *Titus* v. *Wilson,* 2015-0799, p. 7 (La. App. 4 Cir. 1/20/16), 186 So.3d 255, 260 to the effect that "In

2

order to bring a cause of action for fraud, the following three elements must be alleged: (1) a misrepresentation of material fact, (2) made with the intent to deceive, (3) causing justifiable reliance with resultant injury."

Sherill argues that her petition sufficiently sets forth the particular allegations of fraud that would exempt her from the preclusive effect of the peremption statute.

Her petition alleges that 1) Steve filled out the lump sum election form; 2) the form required notarial authentication; 3) she did not sign the form nor did she appear before the notary; and 4) Landry notarized the form without regard to the forgery or Sherrill's failure to sign in person.

It is a settled matter of law that Louisiana is a fact-pleading state. In *Martin v. Thomas,* 2021-01490 p.6 (La. 6/29/22), 346 So.3d 238, 242–43, the court confirmed the longstanding rule as follows:

> Louisiana's Code of Civil Procedure establishes a system of fact pleading. La. Code Civ. Proc. art. 891. So long as the facts constituting a cause of action are alleged, the party may be granted any relief to which he is entitled under the pleadings and the evidence; the "theory of the case" doctrine, under which a party must select a theory of his case or defense and adhere to it throughout the litigation, has been abolished. This allows a plaintiff to recover under whatever legal theory is appropriate based on the facts pleaded. [Internal citations omitted.]

The question before this court is whether these facts, as pled, constitute a statement of fraud with sufficient particularity to meet the standard of La. C.C.P. Art. 856. We hold that the allegations meet that standard.

In commerce, signatures are notarized so that others may rely on the authenticity of the signed document. Sherrill has alleged that Landry, the notary, knew or should have known that it was not proper for her to sign and notarize any document when a party did not appear before her. Even if a notary does not know that the signature on a contract is forged, authenticating the document tells the

world that the parties affixed their signatures in the notary's presence.[1] The proof of validity supplied by the notary would be misleading to all who rely on the authentication of the document. It follows that Sherrill's allegation, if proven, is an allegation of fraud made with particularity as required by La. C.C.P. Art. 856.

A notary is liable both for deliberate misfeasance in the course of her official duties and for negligence in performing those duties.[2] In 1920, the Louisiana Supreme Court held that a notary's misrepresentation, silence, inaction or suppression of the truth, including that the notarized documents were forged, constitutes fraud.[3] The fact that there is not a reported case challenging or questioning this holding shows that this holding is a bedrock standard by which notaries and courts have been guided since the publication of the decision more than 100 years ago.

For the above and foregoing reasons, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**

---

[1] *Summers Bros., Inc.* v. *Brewer,* 420 So.2d 197, 204 (La. App. 1st Cir. 1982).
[2] *Collins v. Collins,* 629 So.2d 1274, 1276 (La. App. 5th Cir. 1993), *writ denied,* 635 So.2d 1110, 94-0422 (La. 4/4/1994).
[3] *Lacour v. Nat'l Sur. Co.,* 147 La. 586, 592, 85 So. 600, 602 (La. 1920).

4